IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| WILBER JOSE SILES CENTENO, | : | Case No. 1:26-cv-247 |
| | : | |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| U.S. IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT, et al., | : | |
| | : | |
| Respondents. | : | |

## ORDER AND OPINION

This matter is before the Court on Petitioner Wilber Jose Siles Centeno's Petition
for Writ of Habeas Corpus (Doc. 1). Federal Respondents filed a Return of Writ (Doc. 13),
to which Petitioner filed a Reply (Doc. 14). Additionally, Respondent Kevin Grathwohl,
Warden of the Butler County Correctional Complex, filed a Motion to Dismiss (Doc. 7),
to which Petitioner filed a Response (Doc. 8). This matter is therefore ripe for the Court's
review. For the reasons explained below, the Petition (Doc. 1) is **DISMISSED WITHOUT
PREJUDICE**.

## FACTS AS ALLEGED

Petitioner Wilber Jose Siles Centeno is a citizen of Nicaragua who entered the
United States without inspection at or near San Luis, Arizona sometime in September
2022. (Petition, Doc. 1, ¶¶ 39–40; Record of Deportable/Inadmissible Alien, Doc. 13-1, Pg.
ID 59.) Petitioner was apprehended by a Border Patrol agent near Yuma, Arizona and
transported to a federal processing center in Donna, Texas. (Record of

Deportable/Inadmissible Alien, Doc. 13-1, Pg. ID 60.) Petitioner was issued a Notice to Appear and released on his own recognizance. (*Id.* at Pg. ID 61.) And, in January 2023, Petitioner filed pleadings in Immigration Court conceding his removability, but he also filed an I-589 Application for Asylum. (Petition, Doc. 1, ¶ 44; Pleadings, Doc. 13-3, Pg. ID 65–69; I-589 Application, Doc. 13-4, Pg. ID 70.)

Federal Respondents inform that on March 5, 2026, members of the Homeland Security Task Force and the Cincinnati Police Department encountered Petitioner during the execution of a criminal search warrant in furtherance of an investigation of alleged drug trafficking and money laundering. (EARM Summary, Doc. 13-6, Pg. ID 73–75.) Petitioner was detained, and he remains in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Butler County Correctional Complex in Hamilton, Ohio. (Petition, Doc. 1, ¶ 42; I-830 Notice, Doc. 13-7, Pg. ID 76.) Removal proceedings against Petitioner are ongoing, and his asylum application is pending. (Petition, Doc. 1, ¶¶ 43–44; Notice to Appear, Doc. 13-2, Pg. ID 62.) Federal Respondents note that Petitioner has not requested a bond hearing or custody redetermination. (Return of Writ, Doc. 13, Pg. ID 42.)

## PROCEDURAL POSTURE

On March 9, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1) against the following Respondents: ICE; Attorney General Pamela Bondi; and Kevin Grathwohl, Warden of the Butler County Correctional Complex. (Petition, Doc. 1, ¶¶ 16–18.) The Court clarifies that, while Pamela Bondi was Attorney General of the United States at the time the Petition was filed, Todd Blanche is now acting U.S. Attorney

2

General. *See* Fed. R. Civ. P. 25(d). Petitioner brings three claims against Respondents: (1) violation the Immigration and Nationality Act ("INA"), (2) violation of the 8 C.F.R. §§ 236.1, 1236.1, and 1003.19, and (3) violation of his Fifth Amendment right to due process. (Petition, Doc. 1, ¶¶ 51–61.) Specifically, these causes of action allege that Petitioner's detention without a bond determination violates the INA, the federal regulations implementing the INA, and the Fifth Amendment. (*Id.*)

## LAW & ANALYSIS

The Court's analysis begins with the preliminary question of exhaustion. The doctrine of exhaustion of administrative remedies instructs that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (quotation omitted). As this Court has provided significant analysis on the issue of exhaustion in this very context, it declines to repeat that analysis here. *See Bartolon v. Bondi*, 813 F. Supp. 3d 811, 823–27 (S.D. Ohio 2025). Petitioner has not requested a bond redetermination or hearing, nor has he appealed any denial of bond to the Board of Immigration Appeals— he has thus failed to exhaust his administrative remedies, and dismissal is appropriate. *See Siyad v. Noem*, No. 1:26-CV-187, 2026 U.S. Dist. LEXIS 87969, at *10–18 (S.D. Ohio Apr. 21, 2026).

The Court also notes that while Petitioner's counsel prepared and signed the Petition, they did not verify it under penalty of perjury, as required by 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. (*See* Petition, Doc. 1.) The Petition's lack of verification is an additional ground

3

for its dismissal, and amendment would be futile because the Court has already found that dismissal is warranted due to Petitioner's failure to exhaust administrative remedies. *See Haowen C. v. Warden of the Desert View Det. Facility*, No. CV 25-3130, 2025 U.S. Dist. LEXIS 71630, at \*2 (C.D. Cal. Apr. 15, 2025); *Moss v. United States*, 323 F.3d 445, 476 (6th Cir. 2003) ("[T]he district court may deny leave to amend if the proposed amendment would be futile.").

## CONCLUSION

For the foregoing reasons, the Court declines to review Petitioner's bond claims due to failure to exhaust. Accordingly, the Court **ORDERS** the following:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**;

2) Respondent Kevin Grathwohl's Motion to Dismiss (Doc. 7) is **DENIED AS MOOT**; and

3) This matter is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND

4